jmillettple

LEONARDO RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM

OCT 20 2006 

MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAGISTRATE CASE NO. 06-00009 |
| Plaintiff, | |
| vs. | **PRE-JUDGMENT PROBATION PLEA AGREEMENT** |
| JEREMY R. MILLETT | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the Defendant, JEREMY R. MILLETT, enter into the following plea agreement:

1. The Defendant agrees to enter a guilty plea to an Information charging him with Possession of a Controlled Substance, in violation of 21 United States Code Section 844(a).

2. If the Court finds the Defendant guilty of Possession of a Controlled Substance, a violation of Title 21, United States Code, Section 844(a), the Government agrees to recommend Pre-judgment probation pursuant to 18 USCS § 3607.

3. The Defendant represents that he has not, prior to the commission of the offense to which he entered the plea of guilty, been convicted of violating a Federal or State law relating to controlled substances and that he has not previously been the subject of a disposition under 18 USCS § 3607(a).

4. If the court orders Pre-judgment probation pursuant to 18 USCS § 3607(a), the Defendant consents to be placed on probation for a term of not more than one year, even though

the Court has not entered a judgment of conviction. The Court may, at any time before the expiration of the term of probation, if the Defendant has not violated a condition of his probation, without entering a judgment of conviction, dismiss the proceedings against the Defendant and discharge him from probation. At the expiration of the term of probation, if the Defendant has not violated a condition of his probation, the Court shall, without entering a judgment of conviction, dismiss the proceedings against the Defendant and discharge him from probation. If the Defendant violates a condition of his probation, the court shall proceed in accordance with the provisions of 18 USCS § 3565.

5. The Defendant fully understands that a nonpublic record of a disposition under subsection (a) of 18 USCS § 3607 shall be retained by the Department of Justice solely for the purpose of use by the Courts in determining, in any subsequent proceeding, whether the Defendant will qualify for the disposition provided in subsection (a) 18 USCS § 3607. A disposition under subsection (a) of 18 USCS § 3607 shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.

6. If the court does not order Pre-judgment probation pursuant to 18 USCS § 3607, the Defendant understands that the <u>maximum</u> sentence for Possession of a Controlled Substance, in violation of 21 U.S.C. 844(a), is imprisonment for one year and a minimum fine of $1000, or both, and a $25 special assessment fee. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant for not more than one year. The total of $25 special assessment fee must be paid upon sentencing.

7. If the Defendant is financially unable to immediately pay the fine in full upon sentencing, the Defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

- 2 -

Case 1:06-mj-00009    Document 14    Filed 10/20/2006    Page 2 of 5

8. The defendant understands that to establish a violation of Possession of a Controlled Substance, a violation of Title 21, United States Code, Section 844(a), the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that on June 3rd, 2006, the Defendant entered Polaris Point, located on U.S. Naval Base Guam;

<u>Second</u>, that when the Defendant entered Polaris Point on U.S. Naval Base Guam, he knowingly possessed one (1) gram of Marijuana;

<u>Third</u>, that Marijuana is a Schedule I controlled substance; and

<u>Fourth</u>, that the locality in which the crime was committed was on land acquired or reserved for the use of the United States and under exclusive or concurrent jurisdiction thereof.

9. The Defendant understands that, if sentenced, the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

   a. The Defendant was born December 23, ~~1998~~ 1978, and is a citizen of the United States.

   b. That at approximately 17:28 on June 3rd, 2006, the Defendant JEREMY R. MILLETT entered the Entry Control Point for the SOJA concert, located on the left side of Polaris Point field onboard U.S. Naval Base Guam. That when he entered this Entry Control Point, the Defendant JEREMY R. MILLETT, knowingly possessed one marijuana cigarette with an approximate weight of one (1) gram of Marijuana. That Marijuana is a Schedule I controlled substance. That Polaris Point field, located onboard U.S. Naval Base Guam, the location in which the crime was committed, was on land acquired or reserved for the use of the United States and under exclusive or concurrent jurisdiction thereof.

10. The Defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing

- 3 -

Guidelines or determine an appropriate sentencing range. The Defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

11. The Defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

12. The Defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, Defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. His right to be represented by an attorney;

   c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

   e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

   f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

   g. That he reads, writes and speaks the English language and has no need for an interpreter;

   h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 10/18/2006

*(signature)*
JEREMY R. MILLETT
Defendant

DATED: 10/18/06

*(signature)*
RICHARD ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 10/20/06          By: *(signature)*
RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 10/19/06

*(signature)*
JEFFREY J. STRAND
First Assistant U.S. Attorney

- 5 -